# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE DIVISION

| | |
|---|---|
| ANTOINE CLARK | CIVIL ACTION NO. 6:12-cv-0947 |
|     LA. DOC #449950 | |
| VS. | SECTION P |
| | |
| | JUDGE REBECCA F. DOHERTY |
| WARDEN, DIXON CORRECTIONAL | |
| INSTITUTE | MAGISTRATE JUDGE PATRICK J. HANNA |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Antoine Clark, a prisoner in the custody of Louisiana's Department of Public Safety and Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on April 18, 2012. Petitioner attacks his 2005 conviction for manslaughter in the Fifteenth Judicial District Court, Lafayette Parish under Docket Number 99174. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### *Background*

On July 24, 2003, petitioner was arrested and charged with the first degree murder of the child Chance Evens. He was subsequently indicted by the Lafayette Parish Grand Jury. Attorneys Valex Amos, Jr. and Valerie Gotch Garrett were appointed to represent him.

On February 25, 2005 petitioner entered into a plea agreement and pled guilty to the lesser charge of manslaughter. He was sentenced to an agreed upon sentence of 40 years at hard

labor without benefit of parole. [Doc. 1-4, pp. 28-45] He did not appeal. [Doc. 1, ¶8][1]

 Petitioner apparently filed a series of post-conviction applications and motions which alleged, among other things, various claims of ineffective assistance of counsel. According to the available evidence, these motions and applications were denied by the District Court on September 6, 2006, November 14, 2006, March 7, 2007, September 10, 2007, February 20, 2009, June 18, 2009, August 18, 2009, and March 1, 2010. [Doc. 1-4, p. 25][2] On October 5, 2007 the Louisiana Supreme Court denied writs when petitioner sought review of a judgment of the Third Circuit Court of Appeals under that court's docket number KH 06-1382. *See State of Louisiana ex rel. Antoine Clark v. State of Louisiana*, 2006-2008 (La. 10/5/2007), 964 So.2d 378.

 On December 10, 2010 petitioner filed a *pro se* application for post-conviction relief in the District Court arguing the following claims: (1) the petition is properly filed and should be considered on the merits because it was timely filed pursuant to La. C.Cr.P. art. 930.8(A)(1); (2) the continued incarceration of the petitioner would be a violation of his rights to due process as he is not guilty beyond a reasonable doubt as is clear based upon the newly discovered

---

[1]Indeed, under Louisiana law, petitioner could not appeal his conviction since his guilty plea waived all non-jurisdictional pre-plea defects.  *See State v. Crosby*, 338 So.2d 584 (La. 1976).  Nor does it appear that he could have appealed the sentence since itwas imposed in conformity with the plea agreement. See La. C. Cr.P. art. 891.2(A)(2) which provides in part, "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea."

[2] Petitioner did not provide copies of these post-conviction pleadings; nor did he provide copies of the judgments dismissing the pleadings. Further, he did not allege the dates of filing, the claims raised, and the reasons for judgment in each case. The information concerning the dates of judgment and grounds raised was supplied in the District Court's December 29, 2010 order denying petitioner's 2010 application for post-conviction relief. [Doc. 1-4, p. 25] In the absence of evidence to the contrary, and given that petitioner himself has supplied the exhibit, it will be presumed that the District Court's recitation of petitioner's post-conviction history is accurate.

evidence, namely, the inexperience of the court-appointed trial counsel; (3) *Brady* violations –
the prosecutor deliberately withheld the evidence of the defense attorneys' inexperience and
incompetence to represent capital punishment cases; (4) the petitioner is entitled to an evidentiary
hearing; (5) ineffective assistance of counsel – petitioner was innocent of the crime but pled
guilty on advice of counsel. [Doc. 1-4, pp. 1-24]  On December 29, 2010 petitioner's application
was dismissed as time-barred and as successive pursuant to La. C.Cr.P. art. 930.4(B) and (D). In
so doing the Court observed, "Petitioner claims he is urging this application based upon newly
discovered evidence, namely that his trial counsel was inexperienced and incompetent. However,
Petitioner previously urged ineffective assistance of counsel as a ground for relief in one of his
prior petitions [f]or Post Conviction Relief. That petition was ruled upon by the court on
September 6, 2006. He urged the same ground in his Motion to Withdraw Guilty Plea which this
Court ruled upon on September 10, 2007. The Court ruled on other prior applications for Post
Conviction Relief,  some of which also raised the issue of competency of counsel, on November
14, 2006, March 7, 2007, February 20, 2009, June 18, 2009, August 18, 2009 and March 1,
2010." [Doc. 1-4, p. 25]

On February 18, 2011 petitioner sought supervisory review in the Third Circuit Court of
Appeals. [Doc. 1-3, pp. 28-49; Doc. 1-4, pp. 26-27] On June 24, 2011 his writ application was
denied. The Court noted, "Relator failed to prove the trial court abused its discretion when
finding his application for post-conviction relief was successive. Further, Relator's application
was untimely filed, and he failed to prove an exception to the time limitation set forth in La.
Code Crim.P. art. 930.8." *State of Louisiana v. Antoine Clark*, No. KH 11-00213 at Doc. 1-3, p.
50.

On July 7, 2011 petitioner filed a writ application in the Louisiana Supreme Court. [Doc. 1-3, pp. 1-26] On April 9, 2012 the Supreme Court denied writs without comment. *State of Louisiana ex rel. Antoine Clark v. State of Louisiana*, 2011-1548 (La. 4/9/2012), 85 So.3d 141.

Petitioner filed this action on April 18, 2012. He claims that his petition is timely;  that "newly discovered evidence," – namely a news article about the inadequacies of the Public Defenders' Office and  a letter which he claims establishes that his court-appointed trial counsel lacked the experience needed to properly litigate a capital case – establishes that he is "not guilty beyond a reasonable doubt;" that the State's withholding of information concerning the "inexperience" of trial counsel was a *Brady* violation; that he is entitled to an evidentiary hearing; and, that counsel provided ineffective assistance. [Doc. 1-1, p. 12]

### Law and Analysis

### 1. Limitations – §2244(d)(1)(A)

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), therefore, the court must apply the provisions of AEDPA, including the timeliness provisions codified at 28 U.S.C. §2244(d). *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999);  *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).  Title 28 U.S.C. §2244(d)(1)(A) was amended by the AEDPA to provide a one-year period of limitations for the filing of applications for writ of *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a state court.  This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).[3]

---

[3] Nothing in the record suggests that State created impediments prevented the timely filing of this petition; nor does the record suggest that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to

The statutory tolling provision set forth in 28 U.S.C. §2244(d)(2)  provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period.   *Ott v. Johnson,* 192 F.3d 510, 512 (5th  Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2).  However,  any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d at 472 ("[A]ny lapse of time before a state application is properly filed will be counted against the one-year limitation period."), citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998) at fn. 1 ("Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for *habeas corpus* was properly filed must be counted against the one year period of limitation.")  Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner was convicted and sentenced on February 25, 2005. [Doc. 1-4, pp. 28-45] For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by the conclusion of direct review <u>or the expiration of the time for seeking such review</u>" [28 U.S.C. § 2244(d)(1)(A)], thirty days following the imposition of sentence[4] or, on or about March 28,

_____

cases on collateral review and therefore petitioner is not entitled to statutory tolling as provided by  28 U.S.C. § 2244(d)(1)(B)and (C). Petitioner contends, however, that he is entitled to the benefits of tolling as provided in subsection (D),  based upon his recent discovery of evidence. That claim is addressed in Part II, below.

[4] See La. C.Cr.P. art. 914(b)(1) which, at the time of petitioner's conviction, provided, "The motion for an appeal must be made no later than [t]hirty days after the rendition of the judgment or ruling from which the appeal is taken."

2005.[5]  Pursuant to 28 U.S.C. § 2244(d)(1) he had one year from that date, or until on or about March 28, 2006 to file his federal *habeas corpus* petition.

As noted above, the limitations period is tolled for the "... time during which a properly filed application for State post-conviction or other collateral review ... is pending..." 28 U.S.C. §2244(d)(2).  Based upon the information thus far supplied, it appears that petitioner filed numerous applications for post-conviction or collateral review; however, based upon the available evidence, it is impossible to determine what period of time, if any, these post-conviction proceedings remained pending.  In other words, it is unclear how long petitioner was able to toll the limitations period following March 28, 2005.

Nevertheless, it can be said with certainty that at least 1-year elapsed un-tolled between December 12, 2010, the date petitioner filed his last application for post-conviction relief in the district court [Doc. 1-4, pp. 1-24] and April 18, 2012, the date he filed the instant petition for *habeas corpus*.  As demonstrated by the exhibits, the last reasoned decision in this matter was the Third Circuit Court of Appeal's June 24, 2011 judgment which not only affirmed the trial court's determination that petitioner's 2010 application for post-conviction was successive but also concluded that the "application was untimely filed, and [petitioner] failed to prove an exception to the time limitation set forth in La. Code Crim.P. art. 930.8..." *See State of Louisiana v. Antoine*

---

[5] La. C.Cr.P. art. 13 provides: "In computing a period of time allowed or prescribed by law...the date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday..." Petitioner was sentenced on Friday, February 25, 2005. The thirty day period for seeking an appeal ended Sunday, March 27, 2005. Therefore, giving petitioner the benefit of every doubt, he had until Monday, March 28, 2005 to file a timely motion for appeal and that date should be considered the date of finality of judgment for AEDPA purposes.

*Clark*, KH 11-00213 (La. App. 3 Cir. 6/24/2011) at Doc. 1-3, p. 50.  Thereafter, the Supreme Court denied writs without comment [Doc. 1-3, p. 27], however, when the higher state court denies relief without comment, it is presumed that its denial is based on the same reasons set forth in the last "reasoned" state court judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991) (when the last state court judgment does not indicate whether it is based on procedural default or the merits of a federal claim, the federal court will presume that the state court has relied upon the same grounds as the last reasoned state court opinion).

In other words, the application for post-conviction relief filed on December 10, 2010 was ultimately deemed untimely by the Courts of Louisiana since it was filed beyond La. C.Cr.P. art. 930.8's two-year period of limitations . A federal *habeas corpus* petitioner cannot rely upon the statutory tolling provisions of §2244(d)(2) if by the time he filed the application, it was time-barred under State law.  This is so because an untimely application for post-conviction relief cannot be considered  "properly filed" so as to toll the running of the limitations period. See *Pace v. DiGuglielmo*, 544 U.S. 408 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (A petitioner's state post-conviction petition, which was rejected by the state court as untimely under state statute of limitations, was not "properly filed," within the meaning of the statutory tolling provision of the AEDPA and thus could not toll the limitations period.)  In other words, the period between December 2010 (when petitioner filed his final application for post-conviction relief in the District Court) and April 9, 2012 (when the Louisiana Supreme Court denied writs) cannot be tolled according to *Pace*.  That period alone is well over one year and sufficient to establish that the instant pleading is time-barred if limitations is reckoned pursuant to 28 U.S.C. §2244(d)(1)(A).

7

### 2. Limitations – §2244(d)(1)(D)

Petitioner contends that he should benefit from the tolling provision set forth in Section 2244 (d)(1)(D) which reckons the AEDPA limitations period from "... the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence..."  He implies that he discovered the "factual predicate" of his claim sometime after the publication of the July 23, 2010 news article concerning deficiencies in the Lafayette Parish Public Defender's Office and, the discovery of correspondence between his court-appointed counsel and attorney Gerald Block. [Doc. 1-4, pp. 46-48] Petitioner does not allege, however, when he discovered this information.  Nevertheless, petitioner is mistaken in his belief that this evidence – the newspaper article and the letter from counsel – is "the factual predicate" of his claims for relief. The factual predicate of petitioner's claim is that his court-appointed counsel rendered ineffective assistance and that this ineffective assistance of counsel resulted in his guilty plea to manslaughter. The news article and letter are, at best, evidence to support petitioner's claim of ineffective assistance of trial counsel.[6]  Petitioner's suggestion that

---

[6] In fact, neither the news article nor the letter establish deficient performance on the part of petitioner's court-appointed attorneys. The news article, published in the July 23, 2010 edition of the Morning Advocate, announced the resignation of David Balfour, the Chief Public Defender of the 15th Judicial District. The article then referred to an investigation and report by the National Legal Aid and Defender Association which concluded that (1) new attorneys are sent to court with little or no training; (2) nearly half of the contract attorneys carry excessive case loads; and (3) access to investigators has been non-existent.  The article made no mention of petitioner's court-appointed counsel or of the state of the Public Defenders' Office during the period between 2003 (when petitioner was arrested and indicted) and 2005 (when he was convicted and sentenced.)

The letter from Valex Amos dated June 9, 2004 admitted that counsel and his partner were "rookies at handling first degree murder trials." Nevertheless, the letter further indicated that Amos and Garrett were looking forward to working under the tutelage of Mr. Block.

the AEDPA limitations period should be reckoned from the unspecified date he discovered the letter and new article is without merit because "Section 2244(d)(1)(D) does not convey a statutory right to an extended delay ... while a *habeas* petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim." *Flanagan v. Johnson*, 154 F.3d 196,199 (5th Cir.1998).[7]

As noted by the District Court, petitioner was aware of the factual predicate of his ineffective assistance of counsel claim sometime prior to September 2006. [Doc. 1-4, p. 25] In other words, petitioner is not entitled to tolling in accordance with Section 2244(d)(1)(D).

### 3. Equitable Tolling

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled

--------

Neither document establishes deficient performance on the part of court-appointed counsel.

[7] In *Flanagan*, the *habeas* petitioner was convicted in 1989 and his judgment of conviction became final in February 1991 when the delays for seeking further direct review expired. He filed his federal *habeas* petition on April 24, 1997, claiming that he was not informed of his right not to testify at his state court trial. He also argued that the limitations period did not begin to run until November 1996, the date he obtained an affidavit from his trial counsel in which counsel claimed to have no recollection of advising petitioner of his right to refuse to testify. The Fifth Circuit rejected his claim as follows, "Flanagan argues that the lawyer's affidavit forms part of the factual predicate of his suit because, by not conclusively negating the proposition, the affidavit implicitly supports Flanagan's claim that he was not informed of his right not to testify. Flanagan is confusing his knowledge of the factual predicate of his claim with the time permitted for gathering evidence in support of that claim. Trial counsel's affidavit neither changes the character of Flanagan's pleaded due process claim nor provides any new ground for Flanagan's federal *habeas* petition. Section 2244(d)(1)(D) does not convey a statutory right to an extended delay, in this case more than seven years, while a *habeas* petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim." *Flanagan v. Johnson*, 154 F.3d at 198-199.

by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006).  As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336,  127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Nothing of record thus far supports equitable tolling of the statute of limitations in the instant case.  It does not appear from the evidence thus far submitted that petitioner was either actively misled by the state or otherwise prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims.

### Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or

10

response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir.  1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Lafayette, Louisiana this 9th day of October, 2012.

_____

**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**